UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HENRY JOSEPH BORELLI,

                    Movant,                    84-CR-63-7 (LAP)

        -against-                              25-CV-8195 (LAP)

UNITED STATES OF AMERICA,                      **TRANSFER ORDER**

                    Respondent.

LORETTA A. PRESKA, United States District Judge:

    Movant Henry Joseph Borelli, currently incarcerated at FCI
Gilmer in West Virginia, brings this pro se motion under 28
U.S.C. § 2255, seeking to challenge his judgment of conviction
entered in United States v. Borelli, No. 84-CR-63-7 (LAP)
(S.D.N.Y. Apr. 9, 1986).  For the reasons set forth below, the
Court transfers this action to the United States Court of
Appeals for the Second Circuit.

    Court records show that Movant has filed a previous motion
for relief under Section 2255 challenging the same judgment of
conviction.  See Borelli v. United States, No. 84-CR-63-7 (KTD)
(S.D.N.Y. Oct. 20, 1994), aff'd, 60 F.3d 810 (2d Cir. 1995),
cert. denied, 116 S. Ct. 193 (1995); see also Borelli v. United
States, No. 17-CV-1362 (LAP) (S.D.N.Y. Feb. 24, 2017)
(transferring Section 2255 motion to the Second Circuit as
second or successive).  Because Movant's previous motion under
Section 2255 was decided on the merits, this application is a

second or successive motion.  See Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998).

Before a second or successive Section 2255 motion is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A).  Movant must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[1]

### CONCLUSION

In the interest of justice, the Court transfers this motion, filed under 28 U.S.C. § 2255, to the United States Court of Appeals for the Second Circuit.  See 28 U.S.C. § 1631; see also Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam).  This order closes this case.  If the Court of Appeals authorizes Movant to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because the motion at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose

---

[1] Movant must demonstrate that a motion to the Court of Appeals is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court.  See 28 U.S.C. § 2255(h).

of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

The Clerk of the Court shall close docket number 901 in 84-cr-63.

**SO ORDERED.**

Dated:  October 15, 2025
       New York, New York

LORETTA A. PRESKA
United States District Judge